# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 20-998V
Filed: March 9, 2023

| | | |
|---|---|---|
| * * * * * * * * * * * * * * | * | |
| JENNIFER BOLZ, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | |
| v. | * | Decision on Damages; Proffer; Influenza |
| | * | ("Flu") Vaccine; Left Axillary Nerve Palsy |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |
| * * * * * * * * * * * * * * | * | |

*Daniel Seidman, Esq.*, Seidman Margulis & Fairman LLP, Belleville, IL for petitioner.
*Kyle Pozza, Esq.*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION AWARDING DAMAGES[1]

**Roth**, Special Master:

On August 11, 2020, Jennifer Bolz ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program.[2] Petitioner alleged that she suffered a "left axillary nerve palsy and/or left axillary neuropathy" after receiving an influenza ("flu") vaccine she received on October 7, 2018. *See* Petition, ECF No. 1. On August 26, 2021, respondent conceded that entitlement to compensation was appropriate under the terms of the Vaccine Act. ECF No. 31. A Ruling on Entitlement was issued on the same date, finding petitioner entitled to compensation. ECF No. 32.

Respondent filed a proffer on March 9, 2023, agreeing to issue the following payment:

---

[1] Although this Decision has been formally designated "unpublished," it will nevertheless be posted on the Court of Federal Claims's website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). **This means the Decision will be available to anyone with access to the internet.** However, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. *Id*.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (1986).  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

**A lump sum payment of $90,000.00, in the form of a check payable to petitioner, Jennifer Bolz.** This amount represents compensation for all damages that would be available under § 300aa-15(a).

Proffer, ECF No. 50.

I adopt respondent's proffer attached hereto, and award compensation in the amount and on the terms set forth therein. The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>**s/ Mindy Michaels Roth**</u>
Mindy Michaels Roth
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| JENNIFER BOLZ,<br><br>               Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>               Respondent. | )<br>)<br>)<br>)<br>)  No. 20-998V<br>)  Special Master Mindy Michaels Roth<br>)  ECF<br>)<br>)<br>)<br>)<br>) |

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On August 26, 2021, respondent conceded that entitlement to compensation was appropriate under the terms of the Vaccine Act.  ECF No. 31.  The same day, Special Master Roth issued a Ruling on Entitlement, finding that petitioner was entitled to vaccine compensation for her left axillary nerve palsy and related sequela.  ECF No. 32.

### I.       Amount of Compensation

Respondent now proffers that, based on the Special Master's entitlement decision and the evidence of record, petitioner should be awarded **$90,000.00.**  This amount represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a).  Petitioner agrees.

## II.      Form of the Award

The parties recommend that the compensation provided to petitioner should be made as described below, and request that the Special Master's damages decision and the Court's judgment award the following: [1]

A. Petitioner's Damages

Respondent recommends that the compensation provided to petitioner should be made through:

> a lump sum of **$90,000.00,** in the form of a check payable to petitioner. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

Petitioner agrees.

B. Guardianship

Petitioner is a competent adult.  Evidence of guardianship is not required in this case.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

C. SALVATORE D'ALESSIO
Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

LARA A. ENGLUND
Assistant Director
Torts Branch, Civil Division

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future medical expenses, future pain and suffering, and future lost wages.

/s/ Kyle E. Pozza
KYLE E. POZZA
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146 Benjamin Franklin Station
Washington D.C. 20044-0146
Tel: (202) 616-3661
E-mail:  Kyle.Pozza@usdoj.gov

Dated: March 9, 2023